IN THE UNITED STATE BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE:<br>WESTWIND MANOR RESORT ASSOCIATION, INC., *et al*,<br>　　Debtors. | § § § § § § | Case No. 19-50026 (DRJ)<br>Chapter 11<br>Jointly Administered |
| FORCE 10 AGENCY SERVICES LLC, TRUSTEE OF THE CREDITOR TRUST,<br>　　*Plaintiff,*<br>vs.<br>BRENDAN M. FLAHERTY, BMF PROPERTIES, LLC, WARRIOR GOLF, LLC, WHOLESALE GOLF SUPPLY & SERVICES, INC., DOT COM ASSET MANAGEMENT, LTD., WARRIOR CUSTOM STORAGE & RV, LP, RIVERBOUND STORAGE MANAGEMENT, LLC, CIMARRON FOOD AND BEVERAGE, INC., WOLF CREEK FOOD AND BEVERAGE, LLC, WARRIOR TENNESSEE FOOD AND BEVERAGE, LLC, DWIGHT BECKSTRAND (d/b/a BECKSTRAND LAW OFFICES), REED A. COLEY, AND COLEYDOCTOR, INC.,<br>　　*Defendants.* | § § § § § § § § § § § § § § § § § § § § § § | Adversary No. 21-03035 |

**ORIGINAL ANSWER OF
WARRIOR CUSTOM STORAGE AND RV, LP
AND RIVERBOUND STORAGE MANAGMENET LLC**

TO THE HONORABLE JUDGE OF SAID COURT:

　　COMES NOW, WARRIOR CUSTOM STORAGE & RV, LP, and RIVERBOUND STORAGE MANAGEMENT, LLC ("*Defendants*"), and files this their Original Answer, subject to the stipulation previously entered into with the Plaintiff, and for such would respectfully show as follows:

1.  In response to paragraphs nos. 1 through 11, pursuant to the Parties' Stipulation, no response is necessary.

2.  Defendants admit the allegations at paragraph no. 12.

3.  Defendants admit the allegations at paragraph no. 13.

4.  In response to paragraphs nos. 14 through 82, pursuant to the Parties' Stipulation, no response is necessary.

5.  In response to paragraph no. 83, Defendants admit that an entity operated by Flaherty, maintained a database of potential sales leads. Defendants further admit that one of the Riverbound entities was permitted to use portions of the database in connection with the Defendants' businesses. Defendants deny all other allegations in paragraph no. 83. Specifically, Defendants deny that they operated their business out of the same space as the Debtor. Instead, the Defendants' subleased space from Warrior Custom Golf, Inc. and maintained the subleased space exclusively for its operations. Defendants further specifically deny that the Riverbound entities were controlled by Flaherty or that the Defendants were aware that the permitted use of the database was in violation of any duties owed by Flaherty to the owner of the database.

6.  In response to paragraph no. 84, Defendants deny that Flaherty contributed the Debtors' customer base to either Riverbound entity as part of his capital contribution. Defendants further deny that they ever took ownership or were given unfettered access to the customer database. Defendants admit that approximately two years after its founding, Flaherty sold his ownership in the Riverbound entities and that the purchase was in the form of a cash payment, together with a promissory note. Defendants further specifically deny that the payment made to Flaherty to purchase his equity interest in the Riverbound entities is, in any way, correlated to the value of the portion of the customer database which the Defendants used on a non-exclusive basis. Defendants further

specifically deny that Warrior personnel and facilities were used by Riverbound. Riverbound had its own personnel and entered into a sublease for its office space and equipment. To the extent an allegation of paragraph no. 84 has not been expressly admitted, such allegation is denied.

7. In response to paragraphs nos. 85 through 107, pursuant to the Parties' Stipulation, no response is necessary.

8. In response to paragraph no. 108, Defendants incorporate their responses to paragraphs nos. 1 through 107 as though fully set forth herein.

9. In response to paragraph no. 109, Defendants are without sufficient information to admit or deny what Flaherty did with respect to the LLC's assets except with respect to the portion of customer database which the Riverbound entities were permitted to use on a non-exclusive basis. As the use of the customer database applies to the Riverbound entities, Defendants deny that the database was "transferred" to them. Pursuant to the Parties' Stipulation, the Trustee contends that the Riverbound entities "converted" the customer database. This allegation is also specifically denied. In order for a conversion to occur, the Plaintiff must establish that the Defendants exercised dominion and control over Plaintiff's personal property in a manner that is inconsistent with the Plaintiff's rights. Contrary to such requirement, Defendants only used those portions of the customer database voluntarily supplied by the entities/individual with apparent authority to permit the use of such customer database. At no time did the Defendants use the customer database in any manner other than the manner in which the Defendants was specifically given permission to use it. To the extent not specifically admitted herein, the allegations in paragraph no. 109 are denied.

10. In response to paragraph no. 110, Defendants deny that their use of the customer database has caused any damage to the Plaintiff. All remaining allegation to paragraph no. 110 are denied.

*Adversary No. 21-03035*
*Force 10 Agency Services LLC, et. al. v. Brendan M. Flaherty, et. al.*

11. In response to paragraphs no. 111 through 128, pursuant to the Parties' Stipulation, no response is necessary for each of those paragraphs.

12. Defendants deny that the Plaintiff is entitled to the relief sought against these Defendants in the prayer for relief.

WHEREFORE, PREMISES CONSIDERED, Defendants request that Plaintiff take nothing by its Complaint and that Defendants recover their costs and such other relief as they may show themselves justly or equitably entitled.

Respectfully submitted,

By: */s/ Marc W. Taubenfeld*
**MARC W. TAUBENFELD**
Texas Bar Number 19679800
**JEFFREY R. SECKEL**
Texas Bar Number 17973200
**MCGUIRE CRADDOCK STROTHER PC**
500 North Akard Street, Suite 2200
Dallas, Texas 75201
T: (214) 954-6800
F: (214) 954-68568
mtaubenfeld@mcslaw.com
Jseckel@mcslaw.com

**ATTORNEYS FOR DEFENDANTS
WARRIOR CUSTOM STORAGE & RV,
LP, RIVERBOUND STORAGE
MANAGEMENT, LLC
RIVERBOUND ENTITIES**

*Adversary No. 21-03035*
*Force 10 Agency Services LLC, et. al. v. Brendan M. Flaherty, et. al.*

## CERTIFICATE OF SERVICE

I, Jeffrey R. Seckel, certify that on April 30, 2021, my office served the foregoing document, via electronic service, facsimile or certified, return receipt requested US Mail, on:

>Clifford H. Walston
>WALSTON BOWLIN, LLP
>4299 San Felipe Street, Suite 300
>Houston, Texas 77027
>T: (713) 300-8700 |F: (713) 583-5020
>Cliff@walstonbowlin.com

**ATTORNEY FOR PLAINTIFF**

>*/s/ Jeffrey R. Seckel*
>**JEFFREY R. SECKEL**