United States Courts Southern
District of Texas
FILED

*9/14/21*

Nathan Ochsner, Clerk of Court

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| WESTWIND MANOR RESORT ASSOCIATION, INC., *et al.*, | Case No. 19-50026 (DRJ) |
| Debtors. | Jointly Administered |
| FORCE 10 AGENCY SERVICES LLC, Trustee of the Creditor Truste, | |
| Plaintiff, | |
| v. | |
| BRENDAN M. FLAHERTY; BMF PROPERTIES, LLC; WARRIOR GOLF, LLC; WHOLESALE GOLF SUPPLY & SERVICES, INC.; DOT COM ASSET MANAGEMENT, LTD.; WARRIOR CUSTOM STORAGE & RV, LP; RIVERBOUND STORAGE MANAGEMENT, LLC; CIMARRON FOOD AND BEVERAGE, INC.; WOLF CREEK FOOD AND BEVERAGE, LLC; WARRIOR TENNESSEE FOOD AND BEVERAGE, LLC; DWIGHT BECKSTRAND (d/b/a/ BECKSTRAND LAW OFFICES); REED A. COLEY; and COLEYDOCTER, INC. | Adv. P. No. 21-03035 |
| Defendants. | |

### ANSWER OF BRENDAN M. FLAHERTY; BMF PROPERTIES, LLC; WARRIOR GOLF, LLC; WHOLESALE GOLF SUPPLY & SERVICES, INC.; DOT COM ASSET MANAGEMENT, LTD.; WARRIOR CUSTOM <u>STORAGE & RV, LP TO THE TRUSTEE'S ORIGINAL COMPLAINT</u>

Defendants Brendan M. Flaherty; BMF Properties, LLC; Warrior Golf, LLC;

Wholesale Golf Supply & Services, Inc.; Dot Com Asset Management, Ltd.; Warrior

Custom Storage & RV, LP (collectively, "Defendant"), hereby answer the Trustee's Original Complaint (the "Complaint").  Except as expressly admitted below, Defendant denies all allegations in the Complaint including, without limitation, any allegations that may be contained in the headings in the Complaint.

## JURISDICTION AND VENUE

1.      Defendant admits the allegations contained in paragraph 1 of the Complaint.

2.      Defendant admits the allegations contained in paragraph 2 of the Complaint.

3.      Paragraph 3 of the Complaint consists only of legal conclusions to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph 3.

4.      Paragraph 4 of the Complaint contains no allegations that require a response.

5.      Defendant admits the allegations contained in paragraph 5 of the Complaint.

## PARTIES

6.      Paragraph 6 of the Complaint contains no allegations that require a response.

7.      With respect to the allegations contained in paragraph 7 of the Complaint, Defendant admits that Flaherty is a resident of California and that he agreed to be served with a copy of the Summons and Complaint through his counsel in the main bankruptcy case, Matthew A. Lesnick of Lesnick Prince & Pappas LLP ("LPP") as a courtesy. LPP is not counsel of record in this adversary proceeding, and Defendant does not consent to service of future documents in this adversary proceeding through LPP.

8.      With respect to the allegations contained in paragraph 8 of the Complaint, Defendant admits that BMF Properties is a California limited liability company whose registered agent is Flaherty and that it agreed to be served with a copy of the Summons and Complaint through LPP as a courtesy. LPP is not counsel of record in this adversary proceeding, and Defendant does not consent to service of future documents in this adversary proceeding through LPP.

9.      With respect to the allegations contained in paragraph 9 of the Complaint, Defendant admits that Warrior Golf is a California limited liability company and that it agreed to be served with a copy of the Summons and Complaint through LPP as a courtesy. LPP is not counsel of record in this adversary proceeding, and Defendant does not consent to service of future documents in this adversary proceeding through LPP.

10.      With respect to the allegations contained in paragraph 10 of the Complaint, Defendant admits that Wholesale Golf is a California corporation and that it agreed to be served with a copy of the Summons and Complaint through LPP as a courtesy. LPP is not counsel of record in this adversary proceeding, and Defendant does not consent to service of future documents in this adversary proceeding through LPP.

11.      With respect to the allegations contained in paragraph 11 of the Complaint, Defendant admits that Dot Com is a California corporation and that it agreed to be served with a copy of the Summons and Complaint through LPP as a courtesy. LPP is not counsel of record in this adversary proceeding, and Defendant does not consent to service of future documents in this adversary proceeding through LPP.

12.      Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 12 of the Complaint and, on that basis, denies such allegations.

13.     Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 13 of the Complaint and, on that basis, denies such allegations.

14.     Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 14 of the Complaint and, on that basis, denies such allegations.

15.     Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 15 of the Complaint and, on that basis, denies such allegations.

16.     Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 16 of the Complaint and, on that basis, denies such allegations.

17.     Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 17 of the Complaint and, on that basis, denies such allegations.

18.     Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 18 of the Complaint and, on that basis, denies such allegations.

19.     Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 19 of the Complaint and, on that basis, denies such allegations.

## BACKGROUND FACTS

**A.     General Background**

20.     Defendant admits the allegations contained in paragraph 20 of the Complaint.

21.     Defendant admit the allegations contained in paragraph 21 of the Complaint.

22.     To the extent paragraph 22 of the Complaint summarizes or describes documents or contains legal conclusions or quotes portions of documents out of context, Defendant denies any characterization or legal conclusions regarding those documents, which speak for themselves, and refers to the documents for a complete and accurate statement of their contents.

23.     To the extent paragraph 23 of the Complaint summarizes or describes documents or contains legal conclusions or quotes portions of documents out of context, Defendant denies any characterization or legal conclusions regarding those documents, which speak for themselves, and refers to the documents for a complete and accurate statement of their contents.

24.     To the extent paragraph 24 of the Complaint summarizes or describes documents or contains legal conclusions or quotes portions of documents out of context, Defendant denies any characterization or legal conclusions regarding those documents, which speak for themselves, and refers to the documents for a complete and accurate statement of their contents.

25.     To the extent paragraph 25 of the Complaint summarizes or describes documents or contains legal conclusions or quotes portions of documents out of context, Defendant denies any characterization or legal conclusions regarding those documents, which speak for themselves, and refers to the documents for a complete and accurate statement of their contents.

26.     To the extent paragraph 26 of the Complaint summarizes or describes documents or contains legal conclusions or quotes portions of documents out of context, Defendant denies any characterization or legal conclusions regarding those documents, which speak for themselves, and refers to the documents for a complete and accurate statement of their contents.

27.     To the extent paragraph 27 of the Complaint summarizes or describes documents or contains legal conclusions or quotes portions of documents out

of context, Defendant denies any characterization or legal conclusions regarding those documents, which speak for themselves, and refers to the documents for a complete and accurate statement of their contents.

28.     The first sentence of Paragraph 28 of the Complaint contains no allegations that require a response. To the extent any response is required, Defendant lacks knowledge or information sufficient to form a belief regarding the truth of such allegations and, on that basis, denies such allegations. With respect to the second sentence of Paragraph 28 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief regarding the truth of such allegations and, on that basis, denies such allegations.

**B.     Warrior Investment Raising and the Golf Course Business**

29.     Defendant admits the allegations contained in paragraph 29 of the Complaint.

30.     With respect to the allegations contained in paragraph 30 of the Complaint: Defendant admits that the business of Custom Golf was to sell golf clubs and accessories. Defendant further admits that Custom Golf generated sales leads and maintained a database of customer and potential customer contact information, and that some of these customers were receptive to telephone sales and liked golf. Defendant denies the balance of the characterizations and allegations contained in that paragraph.

31.     With respect to the allegations contained in paragraph 31 of the Complaint: Defendant admits that, commencing in or about 2004, Flaherty began seeking investors for a new business venture to purchase and operate golf course properties. Defendant further admits that some of these investors became the so-called LLC Investors and that some of the funds invested by these parties helped fund the purchase and operation of approximately 21 golf courses in various states. Defendant further admits that the golf courses that were purchased were owned and operated by various affiliated LLCs that were controlled directly or indirectly, at least in part, by

6

Flaherty. Defendant denies the balance of the characterizations and allegations contained in that paragraph.

        32.      Defendant denies the allegations contained in paragraph 32 of the Complaint.

        33.      Defendant denies the allegations contained in paragraph 33 of the Complaint.

        34.      Defendant denies the allegations contained in paragraph 34 of the Complaint.

        35.      Defendant denies the allegations contained in paragraph 35 of the Complaint.

        36.      Defendant denies the allegations contained in paragraph 36 of the Complaint.

        37.      Defendant denies the allegations contained in paragraph 37 of the Complaint.

        38.      Defendant denies the allegations contained in paragraph 38 of the Complaint.

        39.      Defendant denies the allegations contained in paragraph 39 of the Complaint.

    **C.**    **ATV Golf Transaction**

        40.      With respect to the allegations contained in paragraph 31 of the Complaint: Defendant admits that, in or about 2004, ATV Golf was formed, and that ATV Golf later became a debtor in these bankruptcy cases. Defendant further admits that ATV Golf was involved in the development of a golf course designed for all-terrain vehicles instead of golf carts. Defendant denies the remaining allegations and characterizations contained in paragraph 40 of the Complaint.

        41.      To the extent paragraph 41 of the Complaint summarizes or describes documents or contains legal conclusions or quotes portions of documents out

of context, Defendant denies any characterization or legal conclusions regarding those documents, which speak for themselves, and refers to the documents for a complete and accurate statement of their contents. Defendant admits that the land purchased by ATV Golf was in rolling hills. With respect to the remaining allegations in Paragraph 41, Defendant lacks knowledge or information sufficient to form a belief regarding the truth of such allegations and, on that basis, denies such allegations.

42.     Defendant admits the allegations contained in paragraph 42 of the Complaint.

43.     With respect to paragraph 43 of the Complaint: Defendant admits that, in or about October 2005, Flaherty caused an entity to sell the ATV Land to ATV Golf for approximately $3 million. Defendant denies the remaining allegations contained in paragraph 43 of the Complaint.

44.     With respect to paragraph 44 of the Defendant admits that the ATV Land remains unentitled and undeveloped.  Defendant denies the remaining allegations contained in paragraph 44 of the Complaint.

**D.     Creation of the Serial Investment LLCs and their Mismanagement**

45.     With respect to paragraph 45 of the Complaint: Defendant admits purchasing already developed golf courses was, in many ways, simpler than purchasing undeveloped raw land. Defendant further admits that, in general, the LLCs raised more funds through investments than through bank debt. Defendant denies the remaining allegations contained in paragraph 45 of the Complaint.

46.     With respect to paragraph 46 of the Complaint: Defendant admits that, between approximately 2007 and 2015, numerous LLCs were created for which Flaherty or an entity controlled by Flaherty served as managers, and that such LLCs raised tens of millions of dollars to fund capital expenditures and operational costs. Defendant denies the remaining allegations contained in paragraph 46 of the Complaint.

47.     With respect to paragraph 47 of the Complaint: Defendant admits that the LLC acquired 21 golf courses and parcels of land in various parts of the country. Defendant denies the remaining allegations contained in paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in paragraph 49 of the Complaint.

50.     With respect to paragraph 50 of the Complaint: Defendant admits that some of the LLCs entered into management agreements. Defendant denies the remaining allegations contained in paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in paragraph 51 of the Complaint.

52.     With respect to paragraph 52 of the Complaint: Defendant admits that Flaherty and various LLCs retained Coley to perform various accounting-related services. With respect to the remaining allegations in Paragraph 52, Defendant lacks knowledge or information sufficient to form a belief regarding the truth of such allegations and, on that basis, denies such allegations.

53.     Defendant denies the allegations contained in paragraph 53 of the Complaint.

E.     **Internal Self-Dealing Flips**

54.     With respect to paragraph 54 of the Complaint: Defendant admits that certain properties were transferred from one entity to another. Defendant denies that Flaherty "flipped" properties to "facilitate the transfer of money away from LLC Investors to entities controlled by Flaherty for his benefit. With respect to the remaining allegations in Paragraph 54, Defendant lacks knowledge or information sufficient to form

a belief regarding the truth of such allegations and, on that basis, denies such allegations.

**F.      Flaherty's Constant Breaches of His Fiduciary Duties**

55.      Defendant admits the allegations contained in the first sentence of paragraph 55 of the Complaint. The second sentence of paragraph 55 consists only of legal conclusions to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in that sentence.

56.      Paragraph 56 of the Complaint consists only of legal conclusions to which no response is required.  To the extent any response is required, Defendant denies such allegations.

57.      Paragraph 57 of the Complaint consists only of legal conclusions to which no response is required.  To the extent any response is required, Defendant denies such allegations.

58.      Paragraph 58 of the Complaint consists only of legal conclusions to which no response is required.  To the extent any response is required, Defendant denies such allegations.

59.      Defendant denies the allegations contained in paragraph 59 of the Complaint.

60.      Defendant denies the allegations contained in paragraph 60 of the Complaint.

61.      Defendant admits that the LLCs filed for bankruptcy protection. Defendant denies the remaining allegations contained in paragraph 61 of the Complaint.

**G.      Flaherty's Intentional Concealment and Tolling of the Statute of Limitations**

62.      Defendant denies the allegations contained in paragraph 62 of the Complaint.

63.    Defendant denies the allegations contained in paragraph 63 of the Complaint.

64.    Defendant denies the allegations contained in paragraph 64 of the Complaint.

65.    Defendant denies the allegations contained in paragraph 65 of the Complaint.

66.    With respect to paragraph 66 of the Complaint: Defendant lacks knowledge or information sufficient to form a belief regarding the truth of any allegations regarding Coley and, on that basis, denies such allegations. The balance of paragraph 66 consists only of legal conclusions to which no response is required.  To the extent any response is required, Defendant denies such allegations.

67.    Paragraph 67 of the Complaint consists only of legal conclusions to which no response is required.  To the extent any response is required, Defendant denies such allegations.

**H.    The 2017 Failed Restructuring Plan**

68.    Defendant denies the allegations contained in paragraph 68 of the Complaint.

69.    With respect to paragraph 69 of the Complaint: Defendant admits that certain of the LLCs retained Beckstrand to provide various legal services and that some of these services were related to the LLCs' financial situation.  Defendant lacks knowledge or information sufficient to form a belief regarding the truth of any other allegations regarding Beckstrand and, on that basis, denies such allegations. The balance of paragraph 69 consists only of legal conclusions to which no response is required.  To the extent any response is required, Defendant denies such allegations.

70.    With respect to paragraph 70 of the Complaint: Defendant admits that certain of the LLCs retained Coley to provide accounting services and that some of these services were related to the LLCs' financial situation.  Defendant lacks knowledge

or information sufficient to form a belief regarding the truth of any other allegations regarding Coley and, on that basis, denies such allegations and any remaining allegations in paragraph 70.

71.     With respect to paragraph 71 of the Complaint: Defendant admits that, in or about May 2017, certain Warrior Entities sent out a notice to LLC Investors. Defendant denies that the Notice contained false representations. The balance of paragraph 70 consists only of legal conclusions to which no response is required.  To the extent any response is required, Defendant denies such allegations.

72.     With respect to paragraph 72 of the Complaint: Defendant admits that he announced the intention to dissolve the LLCs and liquidate their assets in part by transferring assets to Golf Delaware. Defendant denies the remaining allegations contained in paragraph 72 of the Complaint.

73.     To the extent paragraph 73 of the Complaint summarizes or describes documents or contains legal conclusions or quotes portions of documents out of context, Defendant denies any characterization or legal conclusions regarding those documents, which speak for themselves, and refers to the documents for a complete and accurate statement of their contents. Defendant denies the remaining allegations contained in paragraph 73 of the Complaint.

74.     Paragraph 74 consists only of legal conclusions to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in that paragraph.

75.     Paragraph 75 consists only of legal conclusions to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in that paragraph.

76.     Paragraph 76 consists only of legal conclusions to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in that paragraph.

77.     Defendant denies the allegations contained in paragraph 77 of the Complaint.

**I.     Flaherty's Misappropriation of Debtor's Property**

78.     Defendant denies the allegations contained in paragraph 78 of the Complaint.

79.     Defendant admits that, on the Petition Date, certain gold and silver coins belonging to Flaherty were located in a safe at the Debtors' headquarters. Defendant denies the remaining allegations contained in paragraph 79 of the Complaint.

80.     Defendant is not certain if the dates set forth in Paragraph 80 are exactly accurate. Defendant admits the remaining allegations contained in paragraph 80 of the Complaint.

81.     Defendant admits that, in or about March 2019, Flaherty removed the portion of his gold and silver coins that remained in the office and other items of his personal property from the Debtors' offices to bring them back to his house. Defendant denies the remaining allegations contained in paragraph 81 of the Complaint.

82.     With respect to paragraph 82 of the Complaint: Defendant admits that the United States Government seized various computers, computer drives and gold and silver coins from Flaherty's house. Defendants further understand that Plaintiff subsequently obtained possession of such property belonging to Flaherty. Defendant admits that he disputes Plaintiff's assertions that the bankruptcy estate/creditors' trust owns such property. Defendant denies the remaining allegations contained in paragraph 82 of the Complaint.

83.     With respect to paragraph 83 of the Complaint: Defendant admits that Custom Golf and certain LLCs generated customer and investor databases used in connection with such businesses. Flaherty denies the remaining allegations contained in paragraph 83 of the Complaint.

84.     With respect to paragraph 85 of the Complaint: Defendant admits that, at some point in time, Warrior Custom Golf shared its customer database with Riverbound. Defendant further admits that Flaherty was paid $300,000 by Riverbound and received a $450,000 note from Riverbound. Defendant also admits that some of Riverbound's investors were also investors in the LLCs.  Defendant denies the remaining allegations contained in paragraph 84 of the Complaint.

### J.     Flaherty's Malfeasance Continues

85.     With respect to paragraph 85 of the Complaint: Defendant admits that certain entities were created to own liquor licenses for certain golf course properties. Defendant denies the remaining allegations contained in paragraph 85 of the Complaint.

86.     Defendant admits the allegations contained in the first sentence of paragraph 86 of the Complaint. Defendant denies the remaining allegations contained in paragraph 86 of the Complaint.

87.     Defendant denies the allegations contained in paragraph 87 of the Complaint.

88.     Defendant denies the allegations contained in paragraph 88 of the Complaint.

### CLAIMS AND CAUSES OF ACTION

### A.     Breach of Fiduciary Duty of Loyalty as to Defendant Flaherty

89.     Defendant incorporates his answers to Paragraphs 1 through 88 of the Complaint as though fully set forth herein.

90.     Defendant admits the allegations contained in the first sentence of paragraph 90 of the Complaint. The balance of Paragraph 90 consists only of legal conclusions to which no response is required.  To the extent any response is required, Defendant denies such allegations.

91.    Defendant denies the allegations contained in Paragraphs 91(a) through 91(i) of the Complaint.

92.    Defendant denies the allegations contained in paragraph 92 of the Complaint.

93.    Defendant denies the allegations contained in paragraph 93 of the Complaint.

**B.    Breach of Fiduciary Duty of Care as to Defendant Flaherty**

94.    Defendant incorporates his answers to Paragraphs 1 through 93 of the Complaint as though fully set forth herein.

95.    Defendant admits the allegations contained in the first sentence of paragraph 95 of the Complaint. The balance of Paragraph 95 consists only of legal conclusions to which no response is required.  To the extent any response is required, Defendant denies such allegations.

96.    Defendant denies the allegations contained in paragraph 96(a) through 96(d) of the Complaint.

97.    Defendant denies the allegations contained in paragraph 97 of the Complaint.

98.    Defendant denies the allegations contained in paragraph 98 of the Complaint.

**C.    Negligence as to Defendant Flaherty**

99.    Defendant incorporates his answers to Paragraphs 1 through 98 of the Complaint as though fully set forth herein.

100.    Paragraph 100 consists only of legal conclusions to which no response is required.  To the extent any response is required, Defendant denies such allegations.

101.    Paragraph 101 consists only of legal conclusions to which no response is required.  To the extent any response is required, Defendant denies such allegations.

102.    Defendant denies the allegations contained in paragraph 102 of the Complaint.

103.    Defendant denies the allegations contained in paragraph 103 of the Complaint.

104.    Defendant denies the allegations contained in paragraph 104 of the Complaint.

**D.    Gross Negligence as to Defendant Flaherty**

105.    Defendant incorporates his answers to Paragraphs 1 through 104 of the Complaint as though fully set forth herein.

106.    Defendant denies the allegations contained in paragraph 106 of the Complaint.

107.    Defendant denies the allegations contained in paragraph 107 of the Complaint.

**E.    Conversion as to Defendant Flaherty and Non-Debtor Flaherty Entities**

108.    Defendant incorporates his answers to Paragraphs 1 through 107 of the Complaint as though fully set forth herein.

109.    Defendant denies the allegations contained in paragraph 109 of the Complaint.

110.    Defendant denies the allegations contained in paragraph 110 of the Complaint.

**F.     Declaratory Judgment Regarding Gold and Silver as to Defendant
Flaherty**

111.    Defendant incorporates his answers to Paragraphs 1 through 110
of the Complaint as though fully set forth herein.

112.    Defendant admits that Plaintiff is in possession of certain gold and
silver coins that belong to Flaherty. Defendant denies the remaining allegations
contained in paragraph 112 of the Complaint.

113.    Defendant admits the allegations contained in paragraph 113 of the
Complaint.

114.    Paragraph 114 of the Complaint contains no allegations that require
a response. To the extent any response is required, Defendant denies the allegations in
paragraph 114.

**G.     Aiding and Abetting Breach of Fiduciary Duty as to Non-Debtor
Flaherty Defendants, Beckstrand, and Coley**

115.    Defendant incorporates his answers to Paragraphs 1 through 114
of the Complaint as though fully set forth herein.

116.    Defendant denies the allegations contained in paragraph 116 of the
Complaint.

117.    Defendant denies the allegations contained in the first sentence of
paragraph 117 of the Complaint. The balance of Paragraph 117 consists only of legal
conclusions to which no response is required.  To the extent any response is required,
Defendant denies such allegations.

118.    Defendant denies the allegations contained in paragraph 118 of the
Complaint.

119.    Defendant denies the allegations contained in paragraph 119 of the
Complaint.

120.   Defendant denies the allegations contained in paragraph 120 of the Complaint.

121.   Defendant denies the allegations contained in paragraph 121 of the Complaint.

122.   Defendant denies any allegations of wrongdoing by Defendant contained in paragraph 122 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 122 of the Complaint and, on that basis, denies such allegations

123.   Defendant denies the allegations contained in paragraph 123 of the Complaint.

**H.      Negligence as to the Beckstrand**

124.   Defendant incorporates his answers to Paragraphs 1 through 123 of the Complaint as though fully set forth herein.

125.   Defendant admits the allegations contained in paragraph 125 of the Complaint.

126.   Paragraph 126 consists only of legal conclusions to which no response is required.  To the extent any response is required, Defendant denies such allegations Defendant denies the allegations contained in paragraph 126 of the Complaint.

127.   Defendant denies the allegations contained in paragraph 127 of the Complaint.

128.   Defendant denies the allegations contained in paragraph 128 of the Complaint.

## **AFFIRMATIVE DEFENSES**

Defendant states the following affirmative defenses without assuming the burden of proof or any other burden on such defenses if that burden would otherwise rest with Plaintiff.  Defendant reserves the right to raise additional defenses, counterclaims,

cross-claims, and third-party claims not asserted of which it may become aware through discovery or other investigations, and Defendant will amend or modify his Answer accordingly.  Defendant further reserves the right to withdraw, amend or modify defenses, as appropriate, during the course of discovery and other proceedings in this case.

## AFFIRMATIVE DEFENSE NO. 1.
### (Failure to State a Cause of Action)

129.    The FAC, and each and every purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## AFFIRMATIVE DEFENSE NO. 2.
### (Setoff/Recoupment)

130.    Plaintiff's damages, if any, are barred from recovery and/or subject to reduction by virtue of any fraud, acts or omissions, and/or wrongdoing committed by Plaintiff against Defendant. As a result of such conduct, Defendant is entitled to damages against Plaintiff; and is therefore entitled to an offset against any amounts found due to Plaintiff.

## AFFIRMATIVE DEFENSE NO. 3
### (Unjust Enrichment)

131.    Plaintiff would be unjustly enriched if the relief sought by Plaintiff against Defendant were granted.

## AFFIRMATIVE DEFENSE NO. 4
### (Failure to Mitigate)

132.    Plaintiff could have mitigated its damages, if any, but failed to make reasonable efforts to do so, thereby barring, in whole or in part, the damages alleged.

## AFFIRMATIVE DEFENSE NO. 5
### (Illegality, Impossibility, and/or Impracticability)

133.    Plaintiff's claims are barred, in whole or in part, by illegality, impossibility, and/or impracticability of performance.

## AFFIRMATIVE DEFENSE NO. 6
### (Defendant's Acts Justified)

134.    Defendant's acts or omissions, if any, were justified.

## AFFIRMATIVE DEFENSE NO. 7
### (Estoppel/Plaintiff's Own Conduct)

135.    Plaintiff's damages, if any, were caused, in whole or in part, by reason of the fraud, acts or omissions, and/or wrongdoing committed by Plaintiff and not by reason of any acts or omissions on the part of Defendants, and therefore are barred and/or subject to reduction based upon Plaintiff's comparative or contributory fault.

## AFFIRMATIVE DEFENSE NO. 8
### (Assumption of Risk)

136.    Plaintiff's claims are barred by the doctrine of assumption of risk.

## AFFIRMATIVE DEFENSE NO. 9
### (Waiver)

137.    Plaintiff by its own conduct has waived the purported causes of action alleged in the FAC against Defendant.

## AFFIRMATIVE DEFENSE NO. 10
### (Acts/Omissions of Plaintiff and/or Third Parties)

138.    Any and all injuries and damages alleged by Plaintiff, the fact and extent of which are expressly denied by Defendant, were directly and proximately caused or contributed to by the acts and/or omissions of Plaintiff and/or third persons or entities separate and apart from Defendant, and for whom Defendant is not responsible.

## AFFIRMATIVE DEFENSE NO. 11
### (Satisfaction)

139.    The contract or contracts upon which the FAC is based has already been satisfied, Plaintiff having received full satisfaction as the Defendant has paid all that is owed.

## AFFIRMATIVE DEFENSE NO. 12
### (Consent)

140.   Plaintiff consented to and/or authorized the conduct of which it now complains.

## AFFIRMATIVE DEFENSE NO. 13
### (Laches)

141.   Plaintiff's alleged claims are barred, in whole or in part, by the equitable doctrine of laches.

## AFFIRMATIVE DEFENSE NO. 14
### (Estoppel)

142.   Plaintiff's alleged claims are barred, in whole or in part, by the equitable doctrine of estoppel.

## AFFIRMATIVE DEFENSE NO. 15
### (Statute of Limitations)

143.   Plaintiff's alleged claims are barred, in whole or in part, by the applicable statutes of limitations

## AFFIRMATIVE DEFENSE NO. 16
### (Damages Speculative and Uncertain)

144.   The Complaint's request for damages against Defendant is barred because Plaintiff's damages, if any, are speculative, uncertain, and incapable of being ascertained.

## AFFIRMATIVE DEFENSE NO. 17
### (Good Faith)

145.   Plaintiff's alleged claims are barred, in whole or in part, because Defendants acted in good faith at all times.

## AFFIRMATIVE DEFENSE NO. 18
### (Justification)

146.   Plaintiff's alleged claims are barred, in whole or in part, because Defendant's conduct was reasonably justified under the circumstances.

## **RESERVATION OF RIGHTS**

Defendant reserves his right to amend these Affirmative Defenses to the extent additional Affirmative Defenses are identified during the course of discovery in these proceedings.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that the Court enter judgment as follows:

A.   That Plaintiff take nothing by way of the Complaint;

B.   Granting Defendant its reasonable attorneys' fees and costs;

C.   Declaring that the gold and silver coins in Plaintiff's possession are the rightful property of Flaherty and should be returned to Flaherty; and

D.   For such further relief as the Court may deem appropriate.

Dated:  September 13, 2021                    Respectfully submitted,

**Brendan M. Flaherty**                        **BMF Properties, LLC**

_____                        By: _____
Brendan M. Flaherty                            Name: _____
                                               Its: _____

**Warrior Golf, LLC**                          **Wholesale Golf Supply & Services, Inc.**

By: _____                    By: _____
Name: _____                  Name: _____
Its: _____                   Its: _____

**Dot Com Asset Management, Ltd.**             **Warrior Custom Storage & RV, LP**

By: _____                    By: _____
Name: _____                  Name: _____
Its: _____                   Its: _____

23

## CERTIFICATE OF SERVICE

I, Brendan M. Flaherty, hereby certify that on September 13, 2021, I caused to be served a true and correct copy of the above and foregoing **ANSWER OF BRENDAN M. FLAHERTY; BMF PROPERTIES, LLC; WARRIOR GOLF, LLC; WHOLESALE GOLF SUPPLY & SERVICES, INC.; DOT COM ASSET MANAGEMENT, LTD.; WARRIOR CUSTOM STORAGE & RV, LP TO THE TRUSTEE'S ORIGINAL COMPLAINT** via US mail to the following parties:

**Counsel for Plaintiff**
Clifford H. Walston
Walston Bowlin, LLP
4299 San Felipe St., Suite 300
Houston, TX 77027


Dated: September 13, 2021

Brendan M. Flaherty

Brendan M. Flaherty
Pro Se

United States Courts
Southern District of Texas
F I L E D

SEP 1 4 2021

Nathan Ochsner, Clerk of Court

September 13, 2021

**VIA FEDEX**
United States Bankruptcy Court
Bob Casey Courthouse
515 Rusk Avenue
Houston, Texas 77002

Re:   *Force 10 Agency Services LLC v. Brendan M. Flaherty, et al.*
      *(Adv. P. No. 21-03035)*

To Clerk of Court:

Please find enclosed for filing in the above referenced matter, an original copy of *Answer of Brendan M. Flaherty, BMF Properties, LLC; Warrior Golf, LLC; Wholesale Golf Supply & Services, Inc.; Dot Com Asset Management, Ltd.; Warrior Custom Storage & RV, LP to the Trustee's Original Complaint.*

Sincerely,

Brendan M. Flaherty

My Home address For Correspondence is
13564 Muscatel St.
Hesperia Ca. 92344
SirFlair@Gmail.com
949 521-4544