IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| WESTWIND MANOR RESORT | § | Case No. 19-50026 (DRJ) |
| ASSOCIATION, INC., *et al*. | § | (Chapter 11) |
| Debtors. | § | Jointly Administered |

| | | |
|---|---|---|
| FORCE 10 AGENCY SERVICES LLC, | § | |
| TRUSTEE OF THE CREDITOR TRUST | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | ADV. P. NO. 21-03035 |
| | § | |
| BRENDAN M. FLAHERTY | § | |
| BMF PROPERTIES, LLC; | § | |
| WARRIOR GOLF, LLC; | § | |
| WHOLESALE GOLF SUPPLY & | § | |
| SERVICES, INC.; | § | |
| DOT COM ASSET MANAGEMENT, LTD.; | § | |
| WARRIOR CUSTOM STORAGE & RV, LP, | § | |
| RIVERBOUND STORAGE | § | |
| MANAGEMENT, LLC | § | |
| CIMARRON FOOD AND BEVERAGE, INC.; | § | |
| WOLF CREEK FOOD AND | § | |
| BEVERAGE, LLC; | § | |
| WARRIOR TENNESSEE FOOD AND | § | |
| BEVERAGE, LLC; | § | |
| DWIGHT BECKSTRAND | § | |
| (D/B/A BECKSTRAND LAW OFFICES); | § | |
| REED A. COLEY; AND | § | |
| COLEYDOCTER, INC. | § | |
| | § | |
| *Defendants.* | § | |

## TRUSTEE'S FIRST AMENDED MOTION FOR DEFAULT JUDGMENT AGAINST CIMARRON FOOD & BEVERAGE, INC.

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.**

1

**YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE ON THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE DAVID R. JONES, CHIEF UNITED STATES BANKRUPTCY JUDGE: COMES NOW, PLAINTIFF FORCE 10 AGENCY SERVICES LLC, TRUSTEE OF THE CREDITOR TRUST in the above captioned consolidated Chapter 11 cases and files this First Amended Motion for Default Judgment against Defendant Cimarron Food and Beverage, Inc., and would respectfully show the Court as follows:

## FACTUAL BACKGROUND

1. On March 3, 2021, Plaintiff Force 10 Agency Services, LLC, Trustee of the Creditor Trust in the abovementioned bankruptcy proceeding, filed its Complaint against multiple Defendants, including Cimarron Food and Beverage, Inc. ("Cimarron"). Service was executed on March 12, 2021, and an affidavit was filed by Brian Denmon, who served Cimarron with process (Dkt. 9-8).

2. Cimarron's deadline to file an Answer was on or around April 12, 2021. To date, Cimarron has not filed any Answer in this adversary proceeding. Due to Cimarron's failure to Answer this lawsuit, Plaintiff requests an entry of default judgment against Cimarron.

## ARGUMENT AND AUTHORITIES

3. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk **must** enter a party's default judgment.[1]

---

[1] Fed. R. Civ. P. 55(a) (as adopted by Fed. R. Bank. P. 7055).

4.      Cimarron failed to plead or otherwise defend against this adversary proceeding. This is shown by affidavit filed with this Court (Dkt. 9-8) and by unsworn declaration in support thereof.[2] Default judgment must be entered in favor of Plaintiff.

5.      As described in Plaintiff's Original Complaint (Dkt. 1), Cimarron was used as an entity to usurp corporate opportunities from the Debtors, including diversion and conversion of liquor licenses properly belonging to the Debtors' estate.[3] The liquor license held by Cimarron is properly the property of the Debtors.[4]

6.      Plaintiff requests the Court to issue Default Judgment against Cimarron, and enter an Order compelling Cimarron to transfer any liquor licenses it holds to Plaintiff, including signing and executing all necessary documentation necessary to transfer the liquor license and any associated accounts to the bankruptcy estate or its designee.

## CONCLUSION

Due to Cimarron's failure to timely appear in this adversary proceeding, Plaintiff requests this Court to issue a Default Judgment against Cimarron, including an Order to transfer any liquor licenses held by Cimarron to Plaintiff, and an Order for Cimarron to execute any necessary documentation to effectuate the transfer of such liquor licenses and any associated accounts to the estate of its designee.

---

[2] *See* Exhibit A, Unsworn Declaration of Jeremy Rosenthal.
[3] *See* Dkt. 1 at 25; *see also* Exhibit A.
[4] *See* Dkt. 1 at 35.

Respectfully Submitted,

**WALSTON BOWLIN, LLP**

*/s/ Clifford H. Walston*
CLIFFORD WALSTON
cliff@walstonbowlin.com
State Bar No. 24037666
4299 San Felipe Street, Suite 300
Houston, Texas 77027
(713) 300-8700
(713) 583-5020 Fax
**ATTORNEY FOR PLAINTIFF**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have served all Parties and counsel in this matter with the foregoing pleading in accordance with Rule 5(b) of the Federal Rules of Civil Procedure as adopted by the Federal Rules of Bankruptcy Procedure on the 29th day of November, 2021.

*/s/ Cliff Walston*
Cliff Walston