IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| WESTWIND MANOR RESORT | § | Case No. 19-50026 (DRJ) |
| ASSOCIATION, INC., *et al*. | § | (Chapter 11) |
| Debtors. | § | Jointly Administered |

| | | |
|---|---|---|
| FORCE 10 AGENCY SERVICES LLC, | § | |
| TRUSTEE OF THE CREDITOR TRUST | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | ADV. P. NO. 21-03035 |
| | § | |
| BRENDAN M. FLAHERTY | § | |
| BMF PROPERTIES, LLC; | § | |
| WARRIOR GOLF, LLC; | § | |
| WHOLESALE GOLF SUPPLY & | § | |
| SERVICES, INC.; | § | |
| DOT COM ASSET MANAGEMENT, LTD.; | § | |
| WARRIOR CUSTOM STORAGE & RV, LP, | § | |
| RIVERBOUND STORAGE | § | |
| MANAGEMENT, LLC | § | |
| CIMARRON FOOD AND BEVERAGE, INC.; | § | |
| WOLF CREEK FOOD AND | § | |
| BEVERAGE, LLC; | § | |
| WARRIOR TENNESSEE FOOD AND | § | |
| BEVERAGE, LLC; | § | |
| DWIGHT BECKSTRAND | § | |
| (D/B/A BECKSTRAND LAW OFFICES); | § | |
| REED A. COLEY; AND | § | |
| COLEYDOCTER, INC. | § | |
| | § | |
| *Defendants.* | § | |

**ORDER (I) GRANTING DEFAULT JUDGEMENT AGAINST CIMARRON FOOD AND BEVERAGE, INC. AND (II) TRANSFERRING LICENSES**
(Related Adv. Pro. Docket Nos. 20 & 22)

Upon the motion [Docket No. 20] (as amended at Docket No. 22, the "Motion") of Force 10 Agency Services, LLC, in its capacity as Creditor Trustee of the Creditor Trust ("Plaintiff") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), for entry of an order (this "Order")

DOCS_NY:44968.3 75805/001                                      1

granting (I) a default judgment against defendant Cimarron Food and Beverage, Inc. ("Defendant", and collectively with all the above-referenced defendants, the "Defendants") in the above-captioned adversary proceeding (the "Adversary Proceeding") and (II) directing that any liquor licenses held by Defendant be transferred to Plaintiff's designee; and the Court having determined that the *Trustee's Original Complaint* [Adv. Docket No. 1] (the "Complaint") in the Adversary Proceeding was timely and properly served on Defendant, and that the Defendant failed to file an appropriate and timely answer to the Complaint or otherwise plead in the Adversary Proceeding; and the Court finding that it has appropriate jurisdiction over the Adversary Proceeding and the Defendant and that venue is proper in this district; and the Court having considered the arguments of counsel at the hearing on the Motion; the Court finding that good and adequate notice of the Motion having been given under the circumstances and it appear that no other or further notice need be provided; and the Court having determined that just cause exists for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1. The Motion is hereby **GRANTED**.

2. Effective as of the date of entry of this Order, any liquor or similar such licenses held by, or in the name of, Defendant Cimarron Food and Beverage, Inc., including California liquor license #410705 (collectively, the "Liquor Licenses"), shall be the property of, and hereby deemed transferred to, Warrior Golf LLC, a Delaware limited liability company.

3. Jeremy Rosenthal, solely in his capacity as the Creditor Trustee (the "Creditor Trustee") of the Creditor Trust in the Chapter 11 Cases is hereby authorized to act as attorney-in-fact of Defendant and granted a limited power of attorney over Defendant for the limited purpose of executing any licenses, applications, or other documents to effectuate the terms of this Order, which shall be accepted by the applicable state agency as if executed by any duly authorized director or officer of Defendant.

4. Nothing herein shall be construed as a default judgment against any of the Defendants, with the exception of Defendant.

5. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Date:

_____
The Honorable David R. Jones
Chief United States Bankruptcy Judge