IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| WESTWIND MANOR RESORT | § | Case No. 19-50026 (DRJ) |
| ASSOCIATION, INC., *et al*. | § | (Chapter 11) |
| Debtors. | § | Jointly Administered |

| | | |
|---|---|---|
| FORCE 10 AGENCY SERVICES LLC, | § | |
| TRUSTEE OF THE CREDITOR TRUST | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | ADV. P. NO. 21-03035 |
| | § | |
| BRENDAN M. FLAHERTY | § | |
| BMF PROPERTIES, LLC; | § | |
| WARRIOR GOLF, LLC; | § | |
| WHOLESALE GOLF SUPPLY & | § | |
| SERVICES, INC.; | § | |
| DOT COM ASSET MANAGEMENT, LTD.; | § | |
| WARRIOR CUSTOM STORAGE & RV, LP, | § | |
| RIVERBOUND STORAGE | § | |
| MANAGEMENT, LLC | § | |
| CIMARRON FOOD AND BEVERAGE, INC.; | § | |
| WOLF CREEK FOOD AND | § | |
| BEVERAGE, LLC; | § | |
| WARRIOR TENNESSEE FOOD AND | § | |
| BEVERAGE, LLC; | § | |
| DWIGHT BECKSTRAND | § | |
| (D/B/A BECKSTRAND LAW OFFICES); | § | |
| REED A. COLEY; AND | § | |
| COLEYDOCTER, INC. | § | |
| | § | |
| *Defendants.* | § | |

**TRUSTEE'S BRIEF IN SUPPORT OF RYAN RODNEY'S MOTION TO INTERVENE FOR PURPOSES OF INTERPLEADING FUNDS AND OBJECTIONS TO BRENDAN FLAHERTY'S SPECIAL APPEARANCE IN OPPOSITION**

1

TO THE HONORABLE DAVID R. JONES, CHIEF UNITED STATES BANKRUPTCY JUDGE:  COMES NOW, PLAINTIFF FORCE 10 AGENCY SERVICES LLC, TRUSTEE OF THE CREDITOR TRUST in the above captioned consolidated Chapter 11 cases and files this Brief in Support of Ryan Rodney's Motion to Intervene for Purposes of Interpleading Funds (Dkt. 38) and Objections to Special Appearance of Brendan Flaherty (Dkt. 40), and would respectfully show the Court as follows:

### FACTUAL BACKGROUND

1. On March 3, 2021, Plaintiff Force 10 Agency Services, LLC, Trustee of the Creditor Trust in the abovementioned bankruptcy proceeding, filed its Complaint against multiple Defendants, including Defendants Warrior Custom Storage & RV, LP and Riverbound Storage Management, LLC (collectively, "Riverbound").  Ryan Rodney, the principal of these two entities, was not sued in his individual capacity at this time.

2. In early 2022, Plaintiff learned of the existence of a promissory note made between Ryan Rodney ("Rodney") and Defendant Brendan Flaherty ("Flaherty") in furtherance of Flaherty selling his ownership interest in Riverbound to Rodney.  Until this discovery, Plaintiff understood the promissory note to have been made by Defendant Riverbound.  Upon learning of these facts giving Plaintiff viable causes of action against Rodney, counsel for Plaintiff made demand on counsel for Rodney for payment of these funds, or Plaintiff would seek to amend its Complaint to add Rodney as a defendant.

3. Pursuant to this demand, Rodney on February 23, 2022, filed his Motion to Intervene for Purposes of Interpleading Funds (Dkt. 38), which Plaintiff asks this Court to grant.  On March 9, 2022, Brendan Flaherty filed a Special Appearance in opposition to the Motion to Intervene (Dkt. 40), which failed to raise any meritorious argument as to why Rodney's Motion to Intervene should be denied.

## **ARGUMENT AND AUTHORITIES**

4. Interpleader serves to shield a stakeholder from the costs of unnecessary multiple litigation. *Metro. Life Ins. Co. v. Barretto*, 178 F. Supp. 2d 745, 748 (S.D. Tex. 2001). An interpleader action generally has two stages: (1) the court determines whether the requirements for rule or statutory interpleader have been met by deciding if there is a single fund at issue and whether there are adverse claimants to that fund; and (2) if the district court concludes that the interpleader action was properly brought, the court determines the respective rights of the claimants. *See id.* (citing *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999)). Right now, the issue before the Court is whether to let Ryan Rodney intervene and whether to allow him to interplead the funds at issue into the Court's registry. Plaintiff asserts, among other rights, a right to the single fund as they are derivative of the Debtors' assets improperly transferred to Riverbound to "capitalize" Flaherty's interests, and Flaherty asserts a right to the single fund as the proceeds of the sale of his equity in Riverbound to Rodney. The second prong is not currently at issue.

5. As Flaherty's special appearance concedes, interpleader is available to Rodney if Plaintiff has colorable claims against Rodney with respect to the same funds that Flaherty asserts an interest in. *See* Dkt. 40 at 3. Here, Plaintiff has claims against the single fund as it is the proceeds of constructively and actually fraudulent transfers of the Debtors' assets to Riverbound in exchange for granting an equity interest in Riverbound to Flaherty. Plaintiff also has claims against Rodney due to his involvement in the Debtors' pre-petition conduct as well as a transferee of the fraudulent transfer described in the prior sentence. If the Motion to Intervene is not granted and the funds are not interplead in aid of the settlement between the Debtors and Rodney, then the Debtors will proceed to amend their Complaint to assert claims against Rodney with respect to his conduct and his agreement to acquire Flaherty's equity interests in Riverbound which Rodney knew or should have

known were acquired by Flaherty on account of a capital contribution consisting of the Debtors' assets.

6. As detailed in Plaintiff's complaint, Flaherty converted the Debtors' assets, including the database of investors and prospects in the Warrior fraud and "contributed" them to Riverbound. Flaherty then used this contribution of the Debtors' assets, itself a fraudulent transfer as well as constituting otherwise tortious conduct, as his capital contribution in exchange for his equity in Riverbound. *See* Dkt. 1 ¶ 84. On or about the Petition Date, Flaherty sold his equity in Riverbound. Until Plaintiff's recent discovery, it believed that Riverbound redeemed Flaherty's equity. We now know that Rodney acquired Flaherty's equity, the equity Flaherty received on account of a fraudulent transfer of the Debtors' assets. The terms of the agreement between Flaherty and Rodney for the purchase of Flaherty's equity interests is an approximation of the value of the Debtors' assets fraudulently transferred to Riverbound which Plaintiff is seeking to recover. *See id*.

7. Plaintiff now knows that Rodney purchased Flaherty's interest for a cash payment in 2019 and an agreement to pay an additional $450,000.00 three years later in February 2022. Rodney is now seeking to interplead this $450,000.00 so that the Court can determine who is entitled to this single fund: Flaherty on account of his "capital contribution" or Plaintiff as it was the Debtors' assets that were converted by Flaherty and used to fraudulently fund his purported capital contribution. Plaintiff supports Rodney intervening and interpleading these funds with the Court. Intervention and the ultimate settlement of Plaintiff's claims against Rodney will allow this Court and the estates to efficiently address and potentially resolve Plaintiff's claims against Riverbound and Rodney and recover the value of the Debtors' assets fraudulently transferred to Riverbound. Intervention and interpleading the funds will also allow the Court to efficiently determine whether Plaintiff or Flaherty is entitled to the interplead funds, funds which Rodney disclaims an interest in.

8.      Rule 22 of the Federal Rules of Civil Procedure allows for interpleader of actions where a stakeholder is exposed to double or multiple liability. *See* Fed. R. Civ. P. 22(a)(1). Rodney is exposed to multiple liability for his participation in the transfer of the Debtors' assets to Riverbound, the granting of an equity interest in Riverbound to Flaherty on account of those assets and then in agreeing to acquire Flaherty's purported interest in Riverbound with a promissory note with Flaherty. Rodney has liability to Plaintiff on account of these transfers. Rodney may also have liability to Flaherty on account of the promissory note. The equitable solution, which the interpleader mechanism was designed to solve, is to allow Flaherty and Plaintiff to litigate over their interests in these funds that Rodney disclaims an interest in, all while the Court retains possession of the Funds.

8.      For these reasons, Plaintiff asks the Court to grant Rodney's Motion to Intervene and allow Rodney to interplead the $450,000.00 into this Court's registry.

### OBJECTION TO THE SPECIAL APPEARANCE OF BRENDAN FLAHERTY

9.      Included in Flaherty's Special Appearance is a Request to this Court to allow the law firm Lesnick, Prince, & Pappas LLP ("LPP") to appear at the hearing on the motion to intervene on behalf of Flaherty without being deemed to be counsel of record for Flaherty. *See* Dkt. 40 at 2. This is a wholly improper request by Flaherty and should be outright denied by the Court. LPP has not entered an appearance in this adversary proceeding (although it may have ghost written numerous pleadings filed by Flaherty), and Flaherty has chosen to represent himself *pro se*. *See* Dkt. 18 at 25. Plaintiff objects to LPP appearing at the hearing without entering an appearance on Flaherty's behalf.

### CONCLUSION

Plaintiff asks this Court to grant Rodney's Motion to Intervene and allow Rodney to interplead the disputed funds into the registry of the Court.

Respectfully Submitted,

**WALSTON BOWLIN, LLP**

*/s/ Clifford H. Walston*
CLIFFORD WALSTON
cliff@walstonbowlin.com
State Bar No. 24037666
4299 San Felipe Street, Suite 300
Houston, Texas 77027
(713) 300-8700
(713) 583-5020 Fax
**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that I have served all Parties and counsel in this matter with the foregoing pleading in accordance with Rule 5(b) of the Federal Rules of Civil Procedure as adopted by the Federal Rules of Bankruptcy Procedure on the 28th day of March, 2022.

*/s/ Cliff Walston*
Cliff Walston